UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY W. ALEXANDER,

    Plaintiff,

v.

CHASE BANK NA, *et al.*,

    Defendants.

NO. C16-62RSL

ORDER GRANTING JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS ALL CLAIMS AGAINST IT

This matter comes before the Court on the "Motion of JPMorgan Chase Bank, N.A., to Dismiss All Claims Against It." Dkt. # 11. Having reviewed the memorandum filed in support of the motion, plaintiff's response, and JPMorgan Chase's reply, the Court finds as follows.[1]

## BACKGROUND

Plaintiff Gary Alexander brought this action to challenge foreclosure proceedings on real property located at 4 North Tweedt Place, Kennewick, WA 99336. Dkt. # 1 at 4. This lawsuit is one of many actions brought by plaintiff to challenge the non-judicial foreclosure of properties he purchased through loans from Washington Mutual Bank. See Dkt. # 11-1 Exs. A, C, E, G, I, K, L, N, P, BB.[2] In this action, Alexander asserts claims against JPMorgan Chase for a violation

---

[1] Plaintiff claims not to have received JPMorgan Chase's motion until February 22, 2016. Dkt. # 16. The Court has considered plaintiff's late-filed opposition.

[2] On a motion to dismiss, the Court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

ORDER GRANTING JPMORGAN
CHASE'S MOTION TO DISMISS - 1

of the Truth in Lending Act (TILA), to quiet title, and for declaratory relief. Dkt. # 1 at 8-13.

## DISCUSSION

**A. Motion to Dismiss Standard**

On a motion to dismiss, the question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). Complaints by pro se plaintiffs must be construed liberally. Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011), as amended (Aug. 19, 2011). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

**B. Issue Preclusion**

JPMorgan Chase asserts that plaintiff's claims are barred under the doctrine of issue preclusion.[3] Dkt. # 11 at 7-8. Issue preclusion, also known as collateral estoppel, "bars

---

[3] Because the Court has determined that plaintiff is collaterally estopped from pursuing his claims against JPMorgan Chase, this order does not address the other bases for dismissal asserted in

ORDER GRANTING JPMORGAN
CHASE'S MOTION TO DISMISS - 2

successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Defensive collateral estoppel applies "when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979). Defensive use of collateral estoppel "precludes a plaintiff from relitigating identical issues by merely switching adversaries." Id. at 329 (internal quotation marks omitted). A federal court's decision has preclusive effect where:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a part or in privity with a party at the first proceeding.

Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir. 2005), abrogated on other grounds, Taylor v. Sturgell, 128 S. Ct. 2161 (2008) (citation omitted). These elements have been met with respect to the claims plaintiff asserts against JPMorgan Chase.

In this action, plaintiff asserts three "claims" against JPMorgan Chase: violation of TILA, to quiet title, and for a declaratory judgment. Dkt. # 1 at 8-11. Plaintiff previously asserted these claims against USB Trust. Compare Alexander v. Wells Fargo Bank, N.A., et al., C15-459RAJ Dkt. # 1 at 10-12 (violation of TILA), 12 (quiet title), and 15-17 (declaratory relief), with Alexander v. Chase Bank NA, et al., C16-62RSL Dkt. # 1 at 8-9 (violation of TILA), 9-10 (quiet title), and 11-13 (declaratory relief). The relevant underlying facts in both actions are identical. Compare, e.g., Alexander v. Wells Fargo Bank, N.A., et al., C15-459RAJ Dkt. # 1 at 2-3 (plaintiff's residence in King County and property in Kennewick, Benton County), at 5-6, 8 (plaintiff did not allege that he had satisfied his obligations under the deed of trust), with Alexander v. Chase Bank NA, et al., C16-62RSL Dkt. # 1 at 2 (plaintiff's residence in King

---

JPMorgan Chase's motion.

ORDER GRANTING JPMORGAN
CHASE'S MOTION TO DISMISS - 3

County and property in Kennewick, Benton County),[4] 4, 9-10 (plaintiff did not allege that he has satisfied his obligations under the deed of trust).  Judge Jones recently dismissed plaintiff's same claims without leave to amend.  Alexander v. Wells Fargo Bank, N.A., No. C15-459RAJ, 2015 WL 5123922, at *3-4, 7 (W.D. Wash. Sept. 1, 2015).  Because the identical issues were necessarily decided in a final judgment against plaintiff, issue preclusion bars plaintiff from asserting the same claims in this action.  Accordingly, plaintiff's claims against JPMorgan Chase are dismissed with prejudice.

**C. Leave to Amend**

Plaintiff seeks leaves to amend his complaint "to include newly discovered causes of action."  Dkt. # 16 at 3.  Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely granted "when justice so requires."  It is within this Court's discretion to deny leave to amend, and the Court may do so for a number of reasons: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation marks omitted).  In this case, plaintiff has repeatedly tried to advance similar claims against JPMorgan Chase and other defendants, without success.  See Dkt. # 11-1 Exs. A, C, E, G, I, K, L, N, P, BB.  Plaintiff has even filed a lawsuit against JPMorgan Chase with

---

[4] Although plaintiff alleges that now and at all times relevant to the action he resided in King County in one paragraph of the complaint, he later contradicts this allegation and claims that now and "at all times mentioned herein" he resided in Kennewick, which is in Benton County.  See Dkt. # 1 at 2, 4.  While the Court ordinarily accepts all factual allegations in the complaint as true for the purposes of deciding a motion to dismiss, the Court "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).  Not only in the complaint in this action, but in other actions as well, plaintiff has alleged that at all relevant times he was a resident of King County, not Benton County.  Alexander v. Wells Fargo Bank, N.A., et al., C15-459RAJ Dkt. # 1 at 2.  Moreover, in his sworn bankruptcy filing, plaintiff identified his residence as King County.  Dkt. # 11-1 at 175.  Therefore, the Court will not accept as true plaintiff's contradictory and unsupported allegation that he resides in Kennewick, Benton County.

ORDER GRANTING JPMORGAN
CHASE'S MOTION TO DISMISS - 4

claims arising from the 4 North Tweedt Place property, but voluntarily dismissed the action after JPMorgan Chase moved to dismiss.  <u>Id.</u> Exs. N, O; <u>Alexander v. JPMorgan Chase, NA, et al.</u>, C12-228 Dkt. # 11.  In addition, the Court takes plaintiff's attempt to allege different facts regarding his residence in this action as evidence of bad faith.  Because of the futility of amendment, prejudice to JPMorgan Chase, and bad faith, the Court will not grant plaintiff leave to amend.

## CONCLUSION

JPMorgan Chase's motion to dismiss (Dkt. # 11) is GRANTED, and plaintiff's claims against JPMorgan Chase are DISMISSED with prejudice.

DATED this 26th day of April, 2016.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING JPMORGAN
CHASE'S MOTION TO DISMISS - 5